THE PEOPLE OF THE STATE OF NEW YORK ex rel. ARCHIE MUNKS, Appellant, against J. VERNEL JACKSON, as Warden of Clinton Prison, Respondent.— Appeal from an order of the Supreme Court, Special Term, Clinton County, which dismissed a writ of habeas corpus. Appellant was sentenced as a fourth offender to a term of imprisonment, the maximum of which was his natural life and the minimum thirty years. He claims that one felony conviction was void because he was sentenced to a term of six months in the city penitentiary. Because he was then a second offender he contends that he should have been sentenced to a State prison. He was not convicted, however, as a second offender at the time he was sent to the penitentiary. That was in 1922, and under the circumstances the court at that time had power to impose a penitentiary sentence. Order affirmed. Foster, P. J., Brewster, Bergan and Coon, JJ., concur; Heffernan, J., taking no part.

■

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALBERT TROW-BRIDGE, Appellant.— Defendant appeals from a judgment of conviction rendered on a jury verdict after trial in the County Court of Rensselaer County convicting him of the crime of robbery in the first degree. The victim of the robbery made a positive identification of the defendant as the one who robbed him of some $230 from his person at the point of a gun. The defense was an alibi. On the sharp issue of fact thus tendered a question of fact was developed for the jury and its verdict is sufficiently supported by the proofs which it was within their province to accept. The court's charge, to which defendant took no exception and asked for no additions by way of requests to charge, although ably and vigorously represented by counsel, was eminently fair and we find no error which merits a reversal. The victim's prior identification of defendant at the Albany jail was permissible. (Code Crim. Pro., § 393-b.) So far as shown the court did not abuse its discretion in returning the jury for further deliberation after they once reported a "deadlock". Judgment of conviction affirmed. Foster, P. J., Brewster, Bergan and Coon, JJ., concur; Heffernan, J., taking no part.